UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 09-496-15 |
| v. : | |
| : | Filed Electronically |
| LOUIS FAZZINI : | |

### ORDER

AND NOW this _____ day of _____, 2012, upon consideration of Defendant Louis Fazzini's Motion to Exclude Tape Recorded Conversations Made by Deceased Government Informant Nicholas Stefanelli that the government seeks to introduce against Mr. Fazzini, it is hereby ORDERED that said Motion is GRANTED and the government is precluded from introducing the recordings or their transcripts at trial.

BY THE COURT:

_____
THE HONORABLE EDUARDO C. ROBRENO
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 09-496-15 |
| v. : | |
| : | Filed Electronically |
| LOUIS FAZZINI : | |

### DEFENDANT LOUIS FAZZINI'S MOTION TO EXCLUDE TAPE RECORDED CONVERSATIONS MADE BY DECEASED GOVERNMENT INFORMANT NICHOLAS STEFANELLI

**I.   Introduction**

Defendant, Louis Fazzini, by and through his attorney, Mariana Rossman, Esquire, hereby moves to Exclude Tape Recorded Conversations Made by Deceased Government Informant Nicholas Stefanelli that the government intends to use against Mr. Fazzini at trial.

On or about April 18, 2012, a grand jury sitting in the Eastern District of Pennsylvania returned a fifty-plus count Sealed Second Superseding Indictment in the above-referenced matter that was unsealed on or about April 26, 2012.  Mr. Fazzini, who had not been named in either of the first two indictments, filed on July 27, 2009 and January 5, 2011 respectively, was named as a defendant in the Second Superseding Indictment and is charged with one count of RICO Conspiracy in violation of 18 U.S.C. §1962(d).

Significantly, Mr. Fazzini was indicted just months after the death of government informant Nicholas Stefanelli who committed suicide in February 2012 after first murdering Joseph Rossi, Sr., the individual he blamed for his 2010 arrest that lead to his cooperating with the government.  The tapes at issue in this Motion, which are the bulk of the evidence against Mr. Fazzini, were purportedly made in May and October of 2010 by Stefanelli.

## II. Argument

### a. Tapes Made by Stefanelli Cannot be Authenticated and Mr. Fazzini's Voice Cannot be Identified

In United States v. Starks, 515 F.2d 112 (3d Cir. 1975), the Third circuit recognized the myriad problems endemic to tape recorded evidence. "They are peculiarly susceptible of alteration, tampering, and selective editing. Because proffer of such evidence may, in the particularized circumstances of a given case, involve one or more of these problems in varying degrees it is difficult to lay down a uniform standard equally applicable to all cases." Id. at 121

Nevertheless, the court recognized that before the government can move a tape recording into evidence, it must establish a proper foundation by demonstrating the following seven factors exist: (1) That the recording device was capable of taking the conversation now offered in evidence; (2) That the operator of the device was competent to operate the device; (3) That the recording is authentic and correct; (4) That changes, additions or deletions have not been made in the recording; (5) That the recording had been preserved in a manner that is shown to the court; (6) That the speakers are identified; (7) That the conversation elicited was made voluntarily and in good faith, without any kind of inducement." Id. at n. 11 (quoting United States v. McKeever, 169 F.Supp. 426, 430 (S.D.N.Y. 1958)). Additionally, "When a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape, and the better rule requires that party to prove its chain of custody." Id. at 122. According to the Starks court, the proponent of such evidence must "produce clear and convincing evidence of authenticity and accuracy as a foundation for the admission of [tape] recordings...." Id. at 121 (quoting United States v. Knohl, 379 F.2d 427, 440 (2d Cir. 1967), cert. denied, 389 U.S. 973 (1967)).

While the Starks case was decided before the adoption of Federal Rule of Evidence 901(a) governing the authentication of evidence, the Starks factors are central to a determination of authenticity pursuant to Rule 901(a). *See* Jimenez v. United States, 2009 WL 1290031, *3 (E.D. Pa. 2009) (Robreno, J.)  Additionally, pursuant to Federal Rule of Evidence 901, the proponent of evidence, such as that offered by the government in the form of recorded conversations in the case *sub judice*, must be able to establish the authenticity of the tape and make an identification of the speaker's voice.  See Fed.R.Evid. 901 (a) and (b) (5).  Indeed, in this case, the Government must produce sufficient evidence to convince a reasonable jury, by a preponderance of the evidence, that the defendant is the speaker on the tape-recording in order for the evidence to be admissible at trial.  See United States v. Tubbs, 1990 WL 27365 at 3 (E.D. Pa.); Fed.R.Evid. 901 (a); see also Huddleston v. United States, 485 U.S. 681, 690 (1988).

Here, neither the recordings themselves nor the documentary evidence provided by the government provide the foundation required under either Starks or Fed.R.Evid. 901 (a) and (b) (5).  As an initial matter, the recordings are unintelligible and barely audible.  Several of the recordings made by Stefanelli (including one on the government's Pretrial Tape List) do not contain any information from anyone, let alone law enforcement authorities, as to the date, time and location of the recordings or as to the individuals whose conversations were purportedly recorded.  Additionally, in several of the Stefanelli tapes it is clear that Stefanelli puts the wire on himself, refers to himself as "Chapman" and does not immediately turn the recordings over to law enforcement authorities (to the extent such action was required).

In short, without the testimony of the individual who made the recordings, the government cannot meet its burden under Starks or Fed.R.Evid. 901 (a) and (b) (5) and,

therefore, the tapes made by Stefanelli and any alleged transcription thereof must be excluded from evidence.

                                                Respectfully Submitted,

Dated:  July 16, 2012                     /s/ Mariana Rossman  
                                             Mariana Rossman, Esquire  
                                             THE ROSSMAN FIRM LLC  
                                             1500 Walnut Street, 21st Floor  
                                             Philadelphia, PA 19102  
                                             (215) 731-1001  
                                             (215) 751-0658 (fax)  
                                             mrossman@therossmanfirm.com

## CERTIFICATE OF SERVICE

I, Mariana Rossman, hereby certify that the forgoing Defendant Motion to Exclude Tape Recorded Conversations Made by Deceased Government Informant Nicholas Stefanelli was electronically filed and is available for downloading via the CM/ECF system and was served on the below listed individuals through the CM/ECF system:

Frank Labor, Esquire
United States Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
frank.labor@usdoj.gov

John S. Han, Esquire
United States Department of Justice
1301 New York Avenue NW, Suite 7000
Washington, DC 20005
john.han2@usdoj.gov

Dated: July 16, 2012

/s/  Mariana Rossman
Mariana Rossman, Esquire
THE ROSSMAN FIRM LLC
1500 Walnut Street, 21st Floor
Philadelphia, PA 19102
(215) 731-1001
(215) 751-0658 (fax)
mrossman@therossmanfirm.com